**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4221
_____

UNITED STATES OF AMERICA


v.

SADE TENISHA LONG,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1-11-cr-00048-002)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 24, 2014
_____


Before: FUENTES, GREENBERG, and VAN ANTWERPEN, *Circuit Judges*

(Filed: April 28, 2014 )


_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*:

Sade Tenisha Long appeals her judgment of conviction entered on October 14, 2011, following her guilty plea to a charge of armed bank robbery. For the reasons set forth below, we dismiss the appeal for lack of jurisdiction.

I. [1]

On June 27, 2011, following a plea agreement, Long pleaded guilty to Count 1 of an indictment that charged her with four separate counts of aiding and abetting armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2. Count 1 related to Long's involvement as a getaway driver for her co-defendant, Eric Watkins, who robbed a bank in York County, Pennsylvania, on January 5, 2011. Long here argues that there was an insufficient factual basis for her plea, and, in the alternative, claims she was not aware of the nature of the charge she pleaded guilty to.

Long's plea agreement included an appellate waiver, which stated, "the defendant knowingly waives the right to appeal the conviction and sentence. This waiver includes any and all possible grounds for appeal, whether constitution or non-constitutional, including, but not limited to, the manner in which that sentence was determined . . ." *United States v. Long*, No. 11-cr-48-1, Doc. 33 at 19 (M.D. Pa., June 6, 2011). Thus, we

---

[1] The District Court had jurisdiction under 28 U.S.C. § 3231, and, absent an appellate waiver, we would have had jurisdiction under 28 U.S.C. § 1291. In its brief, filed on March 18, 2013, the government argued that Long's appeal should be dismissed as untimely filed. The government separately moved to dismiss on this ground, and that motion was denied by a panel of this Court on December 24, 2013. The government's argument in its merits brief to dismiss the appeal as untimely has therefore already been resolved.

lack jurisdiction to review Long's appeal so long as this waiver was knowing and voluntary. *See United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). Long submits that her wavier is not a bar to relief if, and only if, her guilty plea lacked a factual basis or she was not given notice of all of the elements of the charged crime—according to Long, these circumstances would demonstrate that her waiver is unenforceable because it was not entered into knowingly. The government does not contest her assertion, and so we will address the merits of her appeal in order to decide whether we have jurisdiction.

## II.

Rule 11(b)(3) of the Federal Rules of Criminal Procedure requires the District Court, "before entering judgment on a guilty plea, to 'determine that there is a factual basis for the plea.'" *United States v. Lessner*, 498 F.3d 185, 197 (3d Cir. 2007) (quoting Fed. R. Crim. Proc. 11(b)(3)). To accept a guilty plea, the rule requires simply "sufficient evidence in the record as a whole to justify a conclusion of guilt." *Id.*

Long has two related arguments that both focus on the "armed" element of the armed bank robbery charge to which she pleaded guilty. She concedes that she did not raise these objections below, and so they are reviewed for plain error. *See Lessner*, 498 F.3d at 192 ("Plain error exists only when (1) an error was committed (2) that was plain, and (3) that affected the defendant's substantial rights."). We find no such error.

Long was convicted on an aiding and abetting theory. This requires, in relevant part, that Long knew that Watkins was committing armed bank robbery when she drove him away. *See* 18 U.S.C. § 2(a); *United States v. Nolan*, 718 F.2d 589, 592 (3d Cir. 1983). In turn, this requires that she knew that Watkins "put[] in jeopardy the life of any

person by the use of a dangerous weapon or device" in committing the bank robbery. 18 U.S.C. § 2113(d).

The government stated at Long's change of plea hearing that it intended to prove the following facts if the case proceeded to trial: 1) On January 5, 2011, Watkins entered the Sovereign Bank in York County, Pennsylvania, displayed a gun, and took through threat, force, and intimidation $10,500, and then fled; and 2) Long "drove Mr. Watkins away from the bank knowing that he had robbed the bank and that he had possession of a firearm when he did so." *Long*, No. 1:11-cr-48-1, Doc. 77 at 8 (M.D. Pa., June 27, 2011). The Court specifically asked Long whether she had any objection to these facts, to which she responded she did not. The Court also asked whether she was the getaway driver for Watkins on that date; whether she knew he had robbed the bank once he got into the car; and if she understood that aiding and abetting carried the same penalty as if she "went into the bank [herself] with the gun and took the money." *Id.* She responded affirmatively to these questions. The Court was "satisfied that the plea ha[d] a basis in fact and contain[ed] all the elements of the crime charged." *Id.* at 12.

Long's first argument is that it was plain error for the District Court to allow her guilty plea to stand after she filed a sentencing memorandum, following her change of plea hearing, in which she protested that she did not know that Watkins was armed. We conclude that the District Court did not plainly err in determining that the facts were sufficient to raise an inference that Long was aware that Watkins used a gun in committing this offense, despite Long's protestations to the contrary in her sentencing memorandum. *See, e.g.*, *Lessner*, 498 F.3d at 197 ("There was more than sufficient

4

evidence of [defendant's] guilt to permit the District Court to accept her guilty plea to [obstruction of justice] even were we to assume that she disavowed an intent to impede the [criminal] investigation."). Along the same lines, she argues that the facts show that she only became aware of the gun during flight from the robbery, when Watkins threw it from the vehicle during police pursuit. Even so, the escape was "part and parcel" of the bank robbery under 18 U.S.C. § 2113, *United States v. Williams*, 344 F.3d 365, 372 (3d Cir. 2003), making this fact irrelevant.

Long's second argument is that she was not sufficiently apprised that the District Court was required to find as an element that she had knowledge that Watkins was armed during commission of the offense. Rule 11(b)(1)(G) requires that the defendant understand "the nature of each charge to which [she] is pleading." Fed. R. Crim. Proc. 11(b)(1)(G). Our examination focuses on the "totality of the circumstances to determine whether a defendant was informed of the nature of the charges against [her], considering factors such as the complexity of the charge, the age, intelligence, and education of the defendant, and whether the defendant was represented by counsel." *United States v. Cefaratti*, 221 F.3d 502, 508 (3d Cir. 2000).

Long highlights that the District Court told her at the plea hearing that she was charged with aiding and abetting bank robbery accomplished "by way of threat or violence," Doc. 77 at 7-8, but did not say that she was charged with "put[ting] in jeopardy the life of another person by the use of [a firearm]," *see* § 2113(d), as was explained in Count 1 of her indictment. However, at the same hearing, the government made clear that Long was pleading guilty to the same "Count 1 of the indictment" and

5

explained that this count "charge[d] her with aiding and abetting *armed* robbery." Doc. 77 at 4 (emphasis added). Her plea agreement also stated that she was pleading guilty to "*armed* bank robbery." Doc. 33 at 1 (emphasis added). In addition, as recited above, her knowledge of the use of a gun was discussed at her change of plea hearing. Long is a college-educated woman, who was represented by counsel, who pleaded guilty to an uncomplicated charge, at a hearing in which the use of a weapon was repeatedly discussed. We find no plain error in the District Court's acceptance of Long's plea on this ground.

### III.

For the foregoing reasons, we conclude that the District Court did not plainly err in accepting Long's guilty plea to armed bank robbery under 18 U.S.C. §§ 2113(a), 2113(d), and 2. Long concedes that, in these circumstances, we lack jurisdiction to review her appeal. *See Khattak*, 273 F.3d at 563. This appeal is therefore dismissed for lack of jurisdiction.